IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jonathan L. Kingery, ) | |
| ) | C/A No. 4:10-1448-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Michael J. Astrue, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Jonathan L. Kingery brought this action to obtain judicial review of a final decision of Defendant Commissioner of Social Security denying Plaintiff's application for disability insurance benefits. See 42 U.S.C. § 405(g). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III. On June 30, 2011, the Magistrate Judge filed a Report and Recommendation in which he recommended that the Commissioner's decision be affirmed. Plaintiff filed objections to the Report and Recommendation on July 18, 2011, to which the Commissioner filed a reply on August 1, 2011. On August 26, 2011, the court issued an order in which it declined to adopt the Report and Recommendation. Instead, the court ordered that the Commissioner's decision be reversed and the case remanded for further administrative proceedings.

This matter now is before the court on Plaintiff's motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, which motion was filed November 11, 2011 (ECF No. 3819). Counsel moves for attorneys' fees in the amount of $5,367.82 and costs in the amount of $23.00. On December 1, 2011, the Commissioner filed a response to Plaintiff's motion for attorney's

fees. The Commissioner contends that the motion should be denied because the Commissioner's position was substantially justified.

## FACTS

Plaintiff alleges disability because of a lower back injury, pain in his back and right leg, numbness in his right leg and both hands, limited mobility requiring the use of a cane, and limited mobility in his neck. Plaintiff filed an application for disability benefits on April 30, 2007, alleging disability beginning September 22, 2006. Plaintiff's application was denied initially and on review. A hearing was held before an Administrative Law Judge (ALJ) on April 29, 2009. The ALJ determined that Plaintiff was not disabled within the meaning of the Act. The ALJ's findings became the final decision of the Commissioner on April 15, 2010, after the Appeals Council determined that there was no basis for granting Plaintiff's request for review. Plaintiff thereafter brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner.

The ALJ found that Plaintiff has the severe impairments of residual neck, back, and leg pain from injuries sustained in a motor vehicle accident resulting in a plasma disc compression in December 2006 and a lumbar microdiscetomy in February 2007. The ALJ further found that Plaintiff has the residual functional capacity to perform sedentary work with restrictions. In addition, the ALJ determined that a significant number of jobs existed in the national economy that Plaintiff could perform. The ALJ noted that Plaintiff went long periods of time without seeking medical attention and took little medication for pain. The ALJ found that such behavior was not consistent with complaints of constant debilitating pain. Accordingly, the ALJ concluded that Plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms to be not credible to the extent they were inconsistent with the residual functioning test. The ALJ also gave little weight to opinions of Drs.

Gudeman, Seastrunk, and Hecker, Plaintiff's treating physicians, noting, among other things, that the statements provided "no explanation as to how and why [Plaintiff's] neck, back and leg pain, which [Plaintiff] indicates is occasional, only of a moderate level, and that he does not feel the need to take pain medications on a regular basis to relieve, result in full disability." Tr. 15.

Plaintiff contended on judicial review that the ALJ (1) erred in his evaluation of Plaintiff's treating physicians' opinions, and (2) erred in assessing Plaintiff's credibility. The Magistrate Judge noted that the ALJ, in determining not to give a treating physician's opinion controlling weight, must apply the five factors set forth in 30 C.F.R. § 404.1527: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion. In the Magistrate Judge's view, the ALJ properly discussed in detail his reasons for not accepting Dr. Gudeman's opinions, and further concluded that the opinions of Drs. Seastrunk and Hecker should be discounted because their opinions relied heavily upon Dr. Gudeman's treatment records and opinions. The Magistrate Judge also concluded that substantial evidence supported the ALJ's findings regarding Plaintiff's credibility.

On review, the court found that the ALJ failed to consider the appropriate factors. Specifically, the court noted that, with respect to the third factor, the ALJ did not explain why the evidence relied upon by Dr. Gudeman's opinion was entitled to little weight. This evidence included attempts to managing Plaintiff's pain with epidural steroid injections and medications, two surgeries, and physical therapy. The court found that because the ALJ's analysis regarding Dr. Gudeman was insufficient, his determination that the opinions of Drs. Seastrunk and Heckler should be discounted was similarly

3

flawed. The court also concluded that the ALJ failed to explicitly address Plaintiff's testimony that he discontinued taking medication because it was not relieving his symptoms and instead was causing significant side effects. The court did not address the ALJ's credibility analysis, since the case was to be remanded on other grounds.

## DISCUSSION

The Commissioner contends that the court should not award attorney's fees under the EAJA because the Commissioner's response was substantially justified. See 28. U.S.C. § 2412(d)(1)(A) (providing for an award of fees, expenses, and costs incurred by a prevailing party in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."). A position taken by the Commissioner is substantially justified if it is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 422, 565 (1988).

The Commissioner contends that his position was substantially justified because the ALJ was not required to "perform a ritualistic discussion" of the five factors set forth in 20 C.F.R. § 404.1527. complied with agency regulations by considering the combined effects of Plaintiff's impairments. See 20 C.F.R. § 404.1523. However, if the ALJ does not give the treating physician's opinion controlling weight, he must give good reasons in his notice of determination or decision for the weight he gives the treating source's opinion. Russell v. Commissioner, 440 F. App'x 163, 164 (4th Cir. 2011) (citing 20 C.F.R. § 404.1527(d)(2)). In this case, the ALJ failed to explain why he accorded Dr. Gudeman's opinion little weight despite Dr. Gudeman's express reliance on medical evidence. The Commissioner's position was not justified to a degree that could satisfy a reasonable person.

4

CONCLUSION

The court concludes that the Commissioner's position in defending the case not was substantially justified. Accordingly, Plaintiff's motion for fees under the EAJA (ECF No. 38) is **granted** in the amount of $5,367.82 plus costs in the amount of $23.00.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

January 17, 2012.